Filed 5/26/23 P. v. Trevino CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C097633 |
| Plaintiff and Respondent, | (Super. Ct. No. 62175265) |
| v. | |
| MATTHEW EDWARD TREVINO, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Matthew Edward Trevino asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

FACTS AND HISTORY OF THE PROCEEDINGS

On October 13, 2020, at around 3:40 a.m., Placer County Sheriff's Deputy Daniel Hawley was patrolling when he noticed defendant's Ford Mustang in a dark, secluded

corner of a motel parking lot. Deputy Hawley found the car suspicious because it had a temporary paper license plate and was present at night at a high crime location. He parked about 30 to 40 feet behind the Ford and illuminated its license plate with the headlights of his patrol car. Deputy Hawley assumed it was a California license plate. A records check of the license plate as a California plate revealed that it belonged to a Chevrolet.

Deputy Hawley shone a spotlight on the Ford and approached the passenger side of the vehicle on foot. As Deputy Hawley was approaching the car, he observed defendant making "furtive movements" in the driver's seat, leaning "back and forth from left to the right and also reach[ing] in his immediate area around the driver's seat." Defendant told Deputy Hawley that he was meeting with a friend who was staying at the motel but refused to provide the friend's name. He also informed Deputy Hawley that he purchased the car several months ago.

After the initial questioning, Deputy Hawley walked to the driver's side of the car to confirm its vehicle identification number (VIN). As Deputy Hawley was walking around the car, defendant again started reaching around the driver's compartment. Deputy Hawley determined the VIN number belonged to a Ford, but it was not registered to defendant. Suspecting defendant's car was an unreported stolen vehicle, Deputy Hawley asked defendant to get out of the car in order to question him further, to review the car's registration, and to stop defendant from reaching around the car as Deputy Hawley believed defendant was either hiding contraband or accessing weapons.

When defendant got out of the car, Deputy Hawley noticed several bulges in defendant's jean pockets and waistband area. Based on defendant's behavior and his presence at night at a high crime area, Deputy Hawley pat-searched defendant. He felt a plastic bag containing large capsule-sized items and a cylindrical object in defendant's front pant pockets. Defendant agreed that Deputy Hawley could check the contents of his pockets. Deputy Hawley found a total of 0.2 grams of cocaine powder, 36 Alprazolam

2

pills (commonly sold as Xanax), 60.5 grams of methamphetamine, and $218 of cash in defendant's pockets. Inside defendant's car, Deputy Hawley found a digital scale, a cell phone, and a glass pipe with burnt residue which was commonly used to smoke methamphetamine.

After Deputy Hawley advised him of his rights under *Miranda v. Arizona* (1966) 384 U.S. 436, defendant stated that he was holding the Xanax pills for a friend, and that he purchased the methamphetamine for his personal use. Defendant further admitted he had sold methamphetamine in the past. With permission from defendant, Deputy Hawley searched the cell phone and discovered text messages relating to the sale of Xanax pills and narcotics.

Towards the end of the investigation, Deputy Hawley looked at the license plate again and realized it was a Texas plate. The Texas temporary license plate looked substantially similar to a California plate. The word "Texas" was printed above the license numbers in a smaller font. Deputy Hawley did not believe he could read the word "Texas" from 40 feet away. He did not recall that defendant either informed him the car had a Texas license plate or provided him with any documentation of the car. A subsequent records check showed that the Texas license plate number was registered to a Ford Mustang.

The People charged defendant with sale of Xanax (Health & Saf. Code, § 11375, subd. (b)(1), count 1; statutory section citations that follow are to the Health and Safety Code), transportation of methamphetamine for sale (§ 11379, subd. (a), count 2), possession for sale of methamphetamine (§ 11378, count 3), possession of cocaine (§ 11350, subd. (a), count 4), and possession of drug paraphernalia (§ 11364, subd. (a), count 5). As to counts 1 through 3, the People further alleged that at the time of the commission of these offenses, defendant was released from custody on bail or on his own recognizance in a different case. (Pen. Code, § 12022.1, subd. (b).)

3

Defendant moved to suppress all evidence obtained by the Placer County Sheriff's Office, arguing that Deputy Hawley's search and seizure was unlawful and the evidence obtained therefrom was fruit of the poisonous tree. The trial court denied the motion, finding Deputy Hawley's mistaken belief that defendant's car had a California license plate was reasonable and held in good faith.

Defendant pleaded no contest to count 2 in exchange for a three-year split sentence, with one year in custody and the remainder on mandatory supervision. The People dismissed the other charges. The trial court denied probation and imposed the middle term of three years on count 2, ordering defendant to serve one year in custody and two years on mandatory supervision. The trial court also awarded custody credits and imposed and stayed fines and fees.

Defendant timely appealed.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief. Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant.

Accordingly, we affirm the judgment.

## DISPOSITION

The judgment is affirmed.

                                           _____

                                           HULL, Acting P. J.

We concur:

_____

MAURO, J.

_____

MESIWALA, J.